UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:05-00242-02

BRANDON E. PISTORE


SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER


On March 12, 2013, the United States of America appeared by Meredith George Thomas, Assistant United States Attorney, and the defendant, Brandon E. Pistore, appeared in person and by his counsel, Lex A. Coleman, Assistant Federal Public Defender, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Mildred L. DeVore, the defendant having commenced a fifty-four month term of supervised release in this action on July 15, 2011, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on May 23, 2011.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) that the defendant used and possessed controlled substances as evidenced by positive urine specimens submitted by him on August 13, 2012, for amphetameine and methamphetamine; on August 27, 2012, for methamphetamine; on October 18, 2012, for amphetamine and methamphetamine; on October 25, 2012, test-cup results were positive for amphetamine and methamphetamine, the defendant having signed a voluntary admission form confirming his use of the drugs; and on November 1 and 16, 2012, for amphetamine and methamphetamine; (2) that the defendant failed to report for drug testing on September 14, 17 and 26; October 26; November 9 and 14; and December 12, 13, 19 and 27, 2012; (3) that the defendant failed to make monthly restitution payments as directed by the court; (4) that the defendant failed to obtain lawful employment since his release from Transitions, Inc. on August 9, 2012; (5) that the defendant failed to report to the probation officer that he was questioned by a law enforcement officer on December 4, 2012; (6) that the defendant failed to

report for individual drug counseling as directed on August 13;
September 7, 13 and 20; and November 27, 2012; (7) that the
defendant failed to participate in group therapy as directed on
September 15, 22, 27 and 29; October 20 and 27; November 10; and
December 1, 15 and 20, 2012; and (8) that the defendant
committed a federal and state crime for which he was arrested on
December 20, 2012, and charged with felony acquisition and
possession of substances to be used as a precursor to
manufacture methamphetamine, which charges remain pending in
Kanawha County Magistrate Court; all as admitted by the
defendant on the record of the hearing and as set forth in the
petition on supervised release.

And the court finding, as more fully set forth on the
record of the hearing, that the violations warrant revocation of
supervised release and, further, that it would unduly depreciate
the seriousness of the violations if supervised release were not
revoked, it is ORDERED that the supervised release previously
imposed upon the defendant in this action be, and it hereby is,
revoked.

And the court having complied with the requirements of
Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal

Procedure, and finding, on the basis of the original offense,
the intervening conduct of the defendant and after considering
the factors set forth in 18 U.S.C. § 3583(e), that the defendant
is in need of correctional treatment which can most effectively
be provided if he is confined, it is accordingly ORDERED that
the defendant be, and he hereby is, committed to the custody of
the United States Bureau of Prisons for imprisonment for a
period of ONE YEAR AND ONE DAY, to be followed by a term of
three (3) years of supervised release upon the standard
conditions of supervised release now in effect in this district
by order entered June 22, 2007, and the further condition that
the defendant not commit another federal, state or local crime
and the special condition that he engage in continuing drug
abuse counseling and treatment as directed by the probation
officer and engage in full-time lawful, gainful employment.  The
court reimposed restitution in the amount of $3,867.89 which
shall be paid as directed heretofore.

          The defendant was remanded to the custody of the
United States Marshal.

<u>Recommendation</u>:  The court recommends that the defendant be designated to an institution as close to Elkins, West Virginia, as feasible.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  March 21, 2013

John T. Copenhaver, Jr.
United States District Judge